UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| DONNA MUISE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 13-10855-FDS |
| | ) |
| LAHEY CLINIC HOSPITAL, INC. | ) |
| | ) |
| Defendants. | ) |

ORDER ON PLAINTIFF'S MOTION TO COMPEL

March 26, 2014

SOROKIN, C.M.J.

Donna Muise has brought suit against Lahey Clinic Hospital as a result of alleged mistreatment she suffered as an employee of Lahey. Doc. No. 1. Specifically, her amended complaint raises three counts under the Americans with Disabilities Act: failure to make reasonable accommodations for her Attention Deficit Hyperactivity Disorder, retaliation after she requested accommodations, and the creation of a hostile work environment, as well as those same three counts under the analogous Massachusetts Fair Employment Practices Act. Doc. No. 20 at ¶¶ 44-68. The claims arise from her employment with Lahey as a medical secretary beginning in October 2007 and ending when she took FMLA leave on April 7, 2011. Id. at ¶¶ 7, 42-43.

I.  PROCEDURAL HISTORY

The complaint in this case was filed on April 11, 2013, Doc. No. 1, and amended on October 26, 2013, Doc. No. 20. On August 6, 2013, Judge Saylor issued a scheduling order mandating that "[w]ritten discovery (requests for production of documents, interrogatories and

request for admissions) shall be served no later than August 30, 2013," and that "[a]ll discovery, other than expert discovery, must be completed by December 2, 2013." Doc. No. 10. Thereafter, on October 29th, and December 6th, the parties filed two assented-to motions to extend the discovery deadlines. Doc. Nos. 22, 24. Each of those motions referenced the December 2nd deadline for completing discovery and cited the difficulty in scheduling and completing depositions as the reason for the request. Doc. Nos. 22, 24. In response to the motions, Judge Saylor extended the time to complete fact discovery first to January 6, 2014, and then to February 14th. Doc. Nos. 23, 26.

Muise filed her first set of requests for production of documents and interrogatories on August 30th. Doc. No. 29-1 at 2. Lahey responded to those requests during the first week of October. Doc. Nos. 34-2, 34-3. On January 9, 2014, Muise filed a second set of requests for production of documents and interrogatories. Doc. No. 29-1 at 15. She filed a third set of requests for production of documents and interrogatories on January 16th and 17th, respectively. Doc. No. 29-1 at 22, 30. At no time has Muise sought leave to file these requests late or filed a request to extend the deadline imposed by the Court. On February 11th, <u>before</u> receipt of Lahey's responses to these extra written discovery requests, Muise filed the instant motion to compel. Doc. No. 29. Muise's counsel, at the hearing, candidly conceded that the motion was filed to comply with the requirement in the scheduling order that a party must file any motions to compel prior to the close of fact discovery. <u>See</u> Doc. No. 10 at 2. On February 13th, shortly after the motion to compel was filed, Lahey filed its responses to Muise's second set of requests for production of documents and interrogatories. Doc. Nos. 34-4, 34-5. On February 18th, Muise filed a memorandum supporting (and narrowing) the motion to compel. Doc. No. 32.

II.     DISCOVERY SOUGHT AND OBJECTIONS

The additional requests for discovery are untimely under Judge Saylor's scheduling order and Lahey would have been within its rights to have sought a protective order in January. See Doc. No. 10. This reason alone would suffice to deny the Motion. In addition, Muise's memorandum disregards the requirement of Local Rule 37.1(B) that the moving party set out the specific discovery request and response thereto in the memorandum. This reason, standing alone, would also suffice to deny the Motion.

At the hearing, Muise's counsel suggested good cause supporting his untimely written discovery requests in that these requests sought to follow up on and narrow more general timely requests in light of Lahey's responses (and lack of responses) to those earlier requests. While the record before the Court does not clearly establish good cause as the Court cannot make such a determination solely on the basis of conclusory assertions, nonetheless the Court will, reluctantly, proceed to consider the merits of the discovery dispute.

Muise seeks the following discovery: 1) personnel files for three Lahey human resources employees; 2) documents relating to consulting services rendered to Lahey by Morehead Consulting; 3) prior reasonable accommodation requests and allegations of employee discrimination made by Lahey employees in Massachusetts between 2007 and 2011; and 4) the litigation holds Lahey issued in this action as well as further response to Interrogatory No. 23, which inquires about Lahey's search for documents in response to discovery requests in this case.[2]

---

[2] Muise filed her memorandum in support of her motion to compel seven days after the motion itself. See Doc. Nos. 29, 32. In the intervening period, Lahey served responses to Muise's second set of requests for production of documents and interrogatories. Doc. Nos. 34-4, 34-5. The motion set out seven categories of discovery sought. Doc. No. 29 at 2-4. The subsequently filed memorandum consolidated those seven categories into four, which is the basis for the list above. Doc. No. 32 at 2-8. One of the consolidated categories, relabeled as "Possible Spoliation

A. Personnel Files

Turning to each request individually, Muise argues that the first category, which seeks the personnel files of three human resource employees, is relevant in that the specified employees were aware of or involved in Muise's requests for accommodations, the alleged harassment, and the creation of a hostile work environment for Muise. Muise suggests that the personnel files are likely to contain write ups for misconduct, performance reviews, and records of employee training, which may reflect their conduct and training in these areas.

Lahey objects to producing the personnel files on the basis of relevance in that the employees for whom the personnel files are sought were not Muise's supervisors or departmental coworkers, but human resources employees, and the contents of those files are unlikely to bear on Muise's requests for accommodations or the harassment and discrimination that she allegedly suffered. Lahey also argues that, to the extent that Muise seeks information about the training those employees received, two of those employees have already testified in their depositions as to their training, making that discovery cumulative. Lahey further argues that, given the confidential nature of the contents of personnel files, privacy interests weigh against ordering this discovery.

The Motion is DENIED as to these requests on both procedural and substantive grounds in all respects except one. Given the apparent role Patrick DeVivo played in Muise's efforts to transfer to a different department within Lahey, as well as Muise's theory of the case, Lahey shall disclose, within fourteen days, the substance of any formal claim of discrimination or

---

Issues," subsumes three of the categories of discovery requested in the motion and appears to whittle down the request to litigation holds and further response to Interrogatory No. 23, but "reserves . . . the right to request an order that Lahey be compelled to search and restore backup systems . . . and produce all relevant documents" depending on Lahey's response to this request. Doc. No. 32 at 5 & n.4, 7-8.

retaliation under the ADA made against DeVivo during the period beginning one year prior to the date on which Lahey hired Muise and continuing until the commencement of this action. For the purposes of this order, a formal claim is a claim made in writing to Lahey's human resources department or a complaint filed in a court or the relevant administrative agencies (e.g. MCAD or EEOC). In addition, although Lahey already has stated in its response to Interrogatory No. 17 that it is not aware of any complaints filed against Bernadette Gregoricus or Karen Steadman, Doc. No. 34-3 at 13, Lahey shall disclose any complaints against Gregoricus or Steadman to the extent that any exist for the time period set forth above and that meet this definition of formal claim

      B.    Consulting Documents

As to the second category of discovery sought, documents relating to consulting services rendered to Lahey by Morehead Consulting, Muise seeks to discover employee questionnaires that were created and completed as part of consulting services intended to assess the corporate culture at Lahey and employee satisfaction. Muise argues that the completed questionnaires are relevant in that they likely contain evaluations of management, including Muise's former supervisors, and descriptions of management's conduct toward employees.

Lahey objects to producing the documents related to the consulting services on the basis that those documents, to the extent any are within Lahey's possession, custody, or control, are not likely to shed light on Muise's requests for accommodation or the harassment and discrimination that she allegedly suffered. Further, Lahey argues that the discovery would be both cumulative, in that they have already produced a report of the results of the survey for Muise's department, and unduly burdensome, in that Muise has requested all documents related

to the consulting services, which could extend to questionnaires completed by all 6,000 of Lahey's employees.

The Motion is DENIED as to this request on both procedural and substantive grounds. Muise's request, as described in the papers, is substantially overbroad. While narrowed at the hearing, the request is still cumulative and not reasonably calculated to lead to relevant evidence. The individual responses were anonymous, and Muise has received the breakout summary results for her department.

      C.      <u>Prior Reasonable Accommodation Requests and Allegations of Employee Discrimination</u>

The third category of discovery sought asks for any prior reasonable accommodation requests or allegations of employee discrimination made by Lahey employees in Massachusetts. The Motion is DENIED as to this request on both procedural and substantive grounds. Lahey has or will, <u>see</u> <u>supra</u>, produce the formal complaints, if any, made against the three relevant actors. Both counsel at the hearing agreed that this case presents a dispute regarding whether the responses Lahey made to the requests for accommodation were reasonable or not under the law.

      D.      <u>Litigation Holds and Further Response to Interrogatory No. 23</u>

The fourth category of discovery sought is the litigation holds Lahey issued in this matter and further response to Interrogatory No. 23, which inquires about Lahey's document retention and collection practices in this matter. In particular, Muise contends that Ms. Gregoricus, her supervisor, has a history of destroying or deleting documents that, coupled with the paucity of emails involving Ms. Gregoricus and Muise, warrants further inquiry. Because Lahey's counsel represents that Lahey has no archival backups of its email system (beyond short-term emergency backup systems), Muise requests a forensic evaluation of the supervisor's computer(s), paid for by Lahey, to determine what, if any, relevant material Ms. Gregoricus deleted. The Motion is

DENIED as to this request on both procedural and substantive grounds. In its response to Interrogatory No. 23, Lahey states that it searched the email files of Ms. Gregoricus and eight other custodians. Doc. No. 34-5 at 4. Nothing before the Court suggests that Ms. Gregoricus had the ability to delete email from other employees' computers. Further, in its brief, Lahey avers that Ms. Gregoricus' destruction of documents, cited by Muise as the reason for this request, involved the open destruction of research documents outside of the context of any litigation. Doc. No. 33 at 11. Thus further inquiry into Lahey's document retention and collection practices is not warranted at this time.

III. CONCLUSION

For the foregoing reasons, Muise's Motion to Compel, Doc. No. 29, is DENIED except that Lahey shall disclose, within fourteen days, the substance of any formal claim of discrimination or retaliation under the ADA made against Patrick DeVivo, Bernadette Gregoricus, or Karen Steadman during the period beginning one year prior to the date on which Lahey hired Muise and continuing until the commencement of this action. For the purposes of this order, a formal claim is a claim made in writing to Lahey's human resources department or a complaint filed in a court or the relevant administrative agencies (e.g. MCAD or EEOC).

SO ORDERED.

    /s / Leo T. Sorokin
Leo T. Sorokin
Chief United States Magistrate Judge